IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                          Civil Action No. 1:15CV192
                                                                           (STAMP)

ROBERT L. PHILLIPS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

I.   <u>Background</u>

The plaintiff in this civil action, CSX Transportation, Inc. ("CSX"), asserts a claim for declaratory relief. In 2001, the defendant, Robert L. Phillips ("Phillips"), filed an action against CSX for asbestos-related injury, which ultimately settled in 2003. In September 2015, Phillips filed a second civil action in state court for compensatory damages due to lung cancer, which he claims is asbestos related. Under the 2003 settlement agreement, however, Phillips allegedly released CSX for future claims involving cancer, asbestos, and other medical issues. In particular, the release stated that Phillips released CSX from "all liability for all claims or actions for all known and unknown . . . diseases and/or injuries including . . . all forms of cancer . . . arising in any manner whatsoever, either directly or indirectly, in whole or in part, out of exposure to any and all toxic substances, including asbestos[.]" ECF No. 4 Ex. A. The settlement agreement also states

that Phillips released CSX from all claims which "might form the basis of any action under the Federal Employers' Liability Act ("FELA")[.]" Id.

In addition to the release provisions, the settlement agreement contains an indemnity provision. The indemnity provision states that Phillips "shall indemnify and hold harmless [CSX] of and from any and all" claims and causes of action "of whatsoever kind or nature arising as a result of or pertaining in any way to the injuries or diseases released herein[.]" Id. Based on the terms of the settlement agreement, CSX now seeks a declaratory judgment that Phillips must indemnify and hold CSX harmless for the claims asserted in the 2015 state court action.

At issue now is Phillips' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), or in the alternative pursuant to Rule 12(b)(6), wherein he asserts three main arguments. ECF No. 4. First, Phillips argues that subject matter jurisdiction does not exist because the amount in controversy requirement is unsatisfied. Second, Phillips believes that state and federal courts maintain concurrent jurisdiction in FELA cases. Because the 2015 state court action was filed first and asserts a claim under FELA, Phillips contends that this Court should abstain from exercising jurisdiction. Instead, Phillips asserts that the state court action should proceed. Third, Phillips contends that the plain language of the settlement agreement from 2003 does not preclude his state

2

court action. Here, Phillips relies on case law that allegedly holds that a release in the settlement of a FELA-type case only applies to known risks and harms at the time of settlement. Phillips points out that he did not have asbestos-related lung cancer at the time of the 2003 settlement. He claims that in 2013 he was diagnosed with such cancer. Phillips relies on the language of FELA and case law to show that he may proceed in a second suit for later-developing cancer. Therefore, Phillips believes that the 2003 settlement does not address the damages that he is now seeking in the 2015 state court action.

CSX filed a response in opposition. ECF No. 7. CSX first argues that this Court has subject matter jurisdiction over this civil action. Here, CSX points to the indemnification provision as applied to the state court action. If CSX prevails in state court, then the resulting indemnification by Phillips will supposedly satisfy the amount in controversy requirement. CSX also believes that under Dart Cherokee Basin Operating Co., LLC v. Owens, its "amount in controversy allegation is accepted if made in good faith." 135 S.Ct. 547, 553 (2014). CSX later asserts that, based on the discretion of this Court, abstention is unnecessary. CSX then turns to the text of the settlement agreement. CSX believes that agreements not to sue a party under a settlement agreement are outside the reach of FELA. Moreover, although Phillips was diagnosed with cancer after the settlement, CSX believes the

3

agreement is still valid. Phillips filed a reply, in which he essentially reasserts his initial arguments. ECF No. 14.

## II. Applicable Law

### A. Motion to Dismiss For Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge jurisdiction either facially or factually. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990); see Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980) (citing Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). On the other hand, a "factual attack" addresses the "existence of subject matter jurisdiction in fact, irrespective of the pleadings and matters outside the pleadings, such as testimony and affidavits, are considered." Menchaca, 613 F.2d at 511; see also Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).

An important distinction between either a "facial" or a "factual" challenge pertains to how a court considers the

allegations under the complaint. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion--the court must consider the allegations of the complaint to be true." Dunbar, 919 F.2d at 1529 (citing Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)). However, because a trial court's jurisdiction is at issue under a "factual" challenge, "'there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Dunbar, 919 F.2d at 1539 (quoting Tucker, 645 F.2d at 412-13)(internal citation omitted). Phrased another way, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

B. Motion to Dismiss for Failure to State a Claim

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted

inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet,

591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

III. Discussion

Phillips' motion to dismiss pertains to three primary issues that are addressed in the order presented. The first issue is whether this Court has subject matter jurisdiction. If so, then the second issue becomes whether this Court should abstain. The remaining issue is whether CSX's claim is ripe for review. After reviewing the parties' filings and the record, this Court finds that it does not have subject matter jurisdiction in this case. Moreover, even if this Court had such jurisdiction, this Court would abstain. Notwithstanding the lack of jurisdiction, this Court has determined that CSX's claim is not ripe for review. Accordingly, for the reasons set forth below, Phillips' motion to dismiss (ECF No. 4) is GRANTED.[1]

A. Subject Matter Jurisdiction

Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states

---

[1] The parties also dispute the application of FELA to the settlement agreement. Because this Court is granting Phillips' motion to dismiss on the grounds set forth below, this Court finds it unnecessary to rule on the issue of FELA's application to the settlement agreement.

where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). It should be noted that although CSX invokes the Declaratory Judgment Act for relief, that Act itself does not provide subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950)("[T]he operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts, but did not extend their jurisdiction . . . [T]he requirements of jurisdiction -- the limited subject matters which alone Congress had authorized the District Courts to adjudicate -- were not impliedly repealed or modified [by the Act].")(internal citations and quotations omitted). In this case, CSX argues that diversity jurisdiction exists. The facts show that CSX is incorporated in Virginia with its principal place of business in Florida. Phillips is a citizen of West Virginia. Therefore, the parties are clearly diverse. The only issue in dispute is the amount in controversy requirement.

The amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Moreover, in the context of a declaratory judgment action, "the amount in controversy is measured by the value of the subject of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); accord JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010). More specifically, the United States Court of Appeals for the Fourth

8

Circuit has adopted the "either-viewpoint rule," where the value of the declaratory relief sought is determined from the viewpoint of either party. Recently, the Supreme Court of the United States held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S.Ct. 547, 555 (2014). The plausible allegation requirement, however, is made under the assumption that the plaintiff does not contest that the amount in controversy is satisfied. If the plaintiff does contest the defendant's plausible allegation, however, the requirement will be satisfied "'if the district court finds, by the **preponderance of the evidence**, that the amount in controversy exceeds' the jurisdictional amount." <u>Id.</u> at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B))(emphasis added); <u>see</u> <u>Francis v. Allstate Ins. Co.</u>, 709 F.3d 362 (4th Cir. 2013)(citing <u>De Aquilar v. Boeing Co.</u>, 11 F.3d 55, 58 (5th Cir. 1993)). If a "defendant's assertion of the amount in controversy is challenged, . . . both sides submit proof and the court decides, **by a preponderance of the evidence**, whether the amount-in-controversy requirement has been satisfied." <u>Id.</u> at 554 (emphasis added).

Although several of the cases cited above relate to the amount requirement in the removal context, the same standard is applicable to that requirement outside of the removal context. That standard simply is not one of "good faith," as CSX asserts. Moreover, the

9

parties contest the amount in controversy requirement, as seen in their filings. See, e.g.,Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1072 (C.D. Cal. 2014). That means this Court must examine the evidence under the preponderance of the evidence standard.

Under a preponderance of the evidence standard, CSX has not satisfied the amount in controversy requirement. In its complaint, CSX requests a declaratory judgment that it "be indemnified and held harmless by [Phillips] as to any and all liability, costs, fees and expense (including attorney fees) arising out of the claims asserted by [Phillips] against [CSX] in the [pending 2015 state court action]." ECF No. 1. Other than that prayer for relief, CSX has presented no evidence, much less a preponderance of the evidence, that indemnification for the state court action would exceed $75,000.00, excluding interest and costs. The same holds true when the "either view-point" rule is applied. Here, if Phillips loses in state court, then no liability would be found against CSX. Therefore, CSX's request for indemnification would amount to only the attorney's fees and expenses. If Phillips prevails in state court, then CSX's release provision under the settlement would be invalid. Thus, CSX's declaratory judgment action would maintain no viable claim for relief because it seeks a judgment upholding the validity of the indemnification clause. From either viewpoint, the amount in controversy requirement is not

satisfied. At this stage, CSX presents only what ifs and speculation, which fall well short of the amount in controversy under the preponderance standard. Therefore, subject matter jurisdiction is lacking, and thus, this civil action cannot proceed in this Court.

B. <u>Doctrine of Abstention</u>

Even if there was subject matter jurisdiction, the doctrine of abstention would apply. The Supreme Court of the United States has stated that "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813 (1976). Generally speaking, "a federal court has some measure of discretion to decline to entertain a declaratory judgment action that is otherwise properly within its jurisdiction." <u>Nautilus Ins. Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 375 (4th Cir. 1994); <u>see</u> <u>Aetna Cas. & Sur. Co. v. Ind-Com Elect. Co.</u>, 139 F.3d 419, 422 (4th Cir. 1998); <u>Centennial Life Ins. Co. v. Poston</u>, 88 F.3d 255, 256 (4th Cir. 1996). One situation that falls within that discretion is when, such as in this case, a federal court must determine "whether to abstain from exercising jurisdiction over state-law claims in the face of parallel

litigation in the state courts." Id. at 377 (citing Mitcheson v. Harris, 955 F.2d 235, 237 (4th Cir. 1992)).

In determining whether to abstain from exercising jurisdiction, federal courts should consider the following four factors, none of which is dispositive on its own. The first factor is "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts." Nautilus Ins. Co., 15 F.3d at 377 (quoting Mitcheson, 955 F.2d at 237-40). The significance and strength of the state's interest turns on issues such as whether the case is "entirely one of state law," or if the issues involved are "standard" or are likely to "break new ground" in that state. United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 495 (4th Cir. 1998); CSX Transp. Inc. v. Barber, 2011 WL 145262, at *8 (S.D.W. Va. Jan. 18, 2011). The second factor is whether the court in which the state action is pending can more efficiently resolve the issues raised in the federal action. Nautilus Ins. Co., 15 F.3d at 377. The third is "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law.'" Id. That factor involves assessing the record and aims of both actions. Kapiloff, 155 F.3d at 495. The fourth factor is "whether the declaratory judgment action is being used merely as a

12

device for 'procedural fencing.'" Nautilus Ins. Co., 15 F.3d at 377 (quoting Mitcheson, 955 F.2d at 237-40).

Viewed collectively, the factors discussed above favor abstention. As to the State of Ohio's interest in this case, the state court litigation and related federal action do not present novel issues of law. However, regarding the efficiency of the state court, the state court is clearly capable of conducting and resolving the action before it. Moreover, ruling on CSX's request for a declaratory judgment would be both duplicative and unnecessary. As to the overlap of issues and judicial entanglement, Phillips admits that CSX has not raised the indemnification issue in state court. However, CSX may do so in the future. If CSX did raise that issue in the state court action, and if this Court were to rule on that same issue now, it could cause confusion and conflict. The point is that the issues, both present and looming, are too similar so as to potentially entangle this Court and the state court. As to whether CSX is engaging in "procedural fencing," the record is slightly unclear. Phillips accuses CSX of doing so, and CSX denies that accusation. One way or the other, however, the parties do not present definitive proof. Nonetheless, the factors collectively weigh in favor of abstention. Accordingly, even if this Court had subject matter jurisdiction, it would abstain from deciding the claims presented in CSX's complaint.

C. <u>Doctrine of Ripeness</u>

Although this Court lacks subject matter jurisdiction, and notwithstanding the doctrine of abstention, CSX's claims are also not ripe for review. The ripeness doctrine, under which a court may refuse to exercise its jurisdiction, originates from both constitutional limitations and prudential considerations. <u>Nat'l Park Hospitality Ass'n v. Dep't of Interior</u>, 538 U.S. 803, 807 (2003). "The central concern of both power and discretion is that the tendered case involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Metzenbaum v. Fed. Energy Regulatory Comm'n</u>, 675 F.2d 1282, 1289–1290 (D.C. Cir. 1982) (internal citations and quotations omitted). The basic rationale of ripeness is the following:

> [T]o prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a two fold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

<u>Abbott Labs. v. Gardner</u>, 387 U.S. 136, 148–49 (1967) (overruled on other grounds).

The claims before this Court clearly are not ripe for review. Here, CSX seeks a declaratory judgment that would require Phillips to indemnify and "hold harmless" CSX from liability in the state court action. That state court action was filed in September 2015,

14

and is in its early stages. CSX has not suffered an adverse ruling or final judgment from which it could seek indemnification. To grant the relief CSX seeks at this stage would be premature. This case clearly involves "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>Metzenbaum</u>, 675 F.2d at 1289-1290(citations omitted). Therefore, the claims raised in CSX's complaint are not ripe for review by this Court.

## IV. <u>Conclusion</u>

For the reasons set forth above, Robert L. Phillips' motion to dismiss (ECF No. 4) is GRANTED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 29, 2015

<u> /s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE